UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PRISCILLA C. RIVAS,

    Plaintiff,

v.

KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

    Defendant.

No. C 23-03324 WHA

**ORDER GRANTING MOTION TO DISMISS**

In this social security case, defendant moves to dismiss plaintiff's first amended complaint under Rules 12(b)(1) and 12(b)(6). For the following reasons, defendant's motion to dismiss is **GRANTED**.

Plaintiff's first amended complaint seeks judicial review of a May 2023 ALJ decision under Section 405(g) of the Social Security Act. But Section 405(g) provides for judicial review "after any final decision of the Commissioner of Social Security." And, failure to exhaust the procedures set out in Section 405(g) deprives the district court of jurisdiction. *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). According to defendant, plaintiff pleads no final decision and, as such, there is no final decision subject to judicial review. This order agrees.

In an opposition brief and at the hearing (but in neither a declaration nor the first amended complaint), plaintiff's counsel emphasized that he had several phone conversations

1   with staff at the Appeals Council related to a request for review of the May 2023 ALJ decision

2   (*see, e.g.*, Opp. Br. 2). Admittedly, this back-and-forth sounds exhausting, but it does not

3   amount to exhaustion under Section 405(g). With the motion to dismiss, defendant proffered

4   the testimony of Christianne Voegele, Chief of Court Case Preparation and Review Branch 1

5   of the Social Security Administration's Office of Appellate Operations, in a declaration that

6   stated there was no record indicating plaintiff had requested Appeals Council review (Dkt.

7   No. 8-1). Plaintiff did not proffer any evidence to refute this proffered testimony.

8       At the end of the hearing, the judge requested a declaration that would get to the bottom

9   of this. The agency then proffered additional testimony of Ms. Voegele in a supplemental

10   declaration that stated there was no record indicating plaintiff had requested Appeals Council

11   review until October 23, 2023 (Dkt. No. 13). Apparently, plaintiff did request Appeals

12   Council review of the May 2023 ALJ decision that day — the Monday after our Thursday

13   hearing on the motion to dismiss (*ibid.*; *see also* Dkt. No. 12). It is undisputed that Appeals

14   Council review of the May 2023 ALJ decision is now pending and that there is no final

15   decision subject to judicial review. As such, this appeal should be dismissed for lack of

16   subject-matter jurisdiction under Rule 12(b)(1). *See Duarte v. Saul*, No. C 20-00151 JCS,

17   2021 WL 1516241, at *6 (N.D. Cal. Apr. 16, 2021) (Judge Joseph C. Spero), *aff'd sub nom.*

18   *Duarte v. Kijakazi*, No. 21-16019, 2023 WL 2755329 (9th Cir. Apr. 3, 2023).[*]

19       Plaintiff suggests that, irrespective of the exhaustion issue, the case should proceed on

20   her claims independent of her request for judicial review of a social security benefits

21   determination, thereby avoiding dismissal (Opp. Br. 2–4). All the while, plaintiff continues to

22   characterize her claims as seeking judicial review of a social security benefits determination

---

[*] To the extent that plaintiff is arguing the case should proceed despite a failure to exhaust, this order finds that plaintiff does not satisfy any of the factors that allow for waiver of the exhaustion requirement (*see* Opp. Br. 10). Exhaustion may be waived when a plaintiff satisfies a three-part test involving collaterality, irreparability, and futility. *See Bass*, 872 F.2d at 833. But, as defendant explains, "Plaintiff's claim asks the Court to review the ALJ's decision regarding the processing of Plaintiff's request for expedited reinstatement of benefits and is thus not collateral," "Plaintiff does not plead irreparable harm and, instead, admits that she *has* been reinstated," and "exhaustion is not futile where, as here, an appeal would have permitted the agency to apply its expertise to interpret the agency's implementing regulations and determine the jurisdictional issue raised" (Br. 7–8) (internal quotation and citations omitted).

1  under Section 405(g), thereby requiring dismissal under Rule 12(b)(1) (*see* Reply Br. 1 (citing

2  Opp. Br. 4, 8)). But even if the first amended complaint were construed to assert her claims

3  separately from her request for judicial review of a social security benefits determination such

4  that they were reviewable, these claims would not survive dismissal under Rule 12(b)(6). In

5  brief, with respect to her claim under Section 504 of the Rehabilitation Act, plaintiff alleges no

6  facts from which the judge could infer that she was denied a benefit of a Social Security

7  Administration program solely by reason of her disability. With respect to her due process

8  claim, plaintiff alleges no facts from which the judge could infer that the procedural safeguards

9  available to her were insufficient. And, with respect to her "systemic disability abuse

10 continuation" claim, plaintiff does not state under what authority her theory of liability lies.

11 Out of an abundance of caution, however, seeing that these claims could theoretically be

12 asserted separately from a request for judicial review of a social security benefits

13 determination, and with additional facts such that defects could theoretically be cured,

14 dismissal is without prejudice to seeking leave to amend. By **DECEMBER 1, 2023, at NOON,**

15 plaintiff may seek leave to amend her complaint by motion, noticed on a normal 35-day

16 calendar. Any motion should affirmatively demonstrate how the proposed complaint corrects

17 the deficiencies identified in this order, as well as all other deficiencies raised in defendant's

18 motion. It should be accompanied by a redlined copy of the proposed complaint showing

19 proposed amendments. If plaintiff seeks leave to amend, she must plead her best case.

20 Lastly, plaintiff has filed an administrative motion for leave to file declarations in support

21 of her exhaustion of the procedures set out in Section 405(g) (Dkt. No. 14). This order

22 observes that the proffered evidence of phone calls and fax receipts does not demonstrate

23 exhaustion of such procedures. But, for completeness of the record, this motion is **GRANTED**.

24 **IT IS SO ORDERED.**

26 Dated: November 17, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3