UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PRISCILLA C. RIVAS, | |
| Plaintiff, | No. C 23-03324 WHA |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | **ORDER DENYING LEAVE TO AMEND** |
| Defendant. | |

A prior order granted defendant's motion to dismiss (Dkt. No. 17). That order dismissed the action under Rule 12(b)(1) for failure to exhaust because there was no final decision of the Commissioner of Social Security subject to review under 42 U.S. Code Section 405(g). With respect to plaintiff's assertion that her claims should proceed independent of her request for judicial review under Section 405(g), the order held that dismissal under Rule 12(b)(1) would still be warranted because plaintiff characterized those claims as part of her request for judicial review and, even if asserted separately, they would not survive dismissal under Rule 12(b)(6). But the order allowed plaintiff to seek leave to amend by motion to plead those claims separately from a request for judicial review with additional facts to cure identified defects (*id.* at 3). This order follows full briefing and finds plaintiff's motion for leave to amend suitable for disposition on the papers under Civil Local Rule 7-1(b). The hearing is hereby **VACATED**. The motion is **DENIED**.

Rule 15(a)(2) provides that leave to amend shall be freely given "when justice so requires." "When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend. If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (internal quotation and citations omitted).

Plaintiff's motion essentially rehashes the prior dismissal for failure to exhaust without focusing on the claims for which the prior order invited amendment. Critically, plaintiff has not incorporated any new facts to cure defects flagged in that order and defendant's opposition. Her proposed amended complaint merely strikes text from her original complaint (*see* Dkt. No. 18-3). As defendant observes, "Plaintiff added no facts from which the Court could infer that 'she was denied a benefit of a Social Security Administration program solely by reason of her disability' to cure her Rehabilitation Act claim, added 'no facts from which the judge could infer that the procedural safeguards available to her were insufficient' to cure her due process claim, and still fails to 'state under what authority her theory of liability lies' for her 'systemic disability abuse continuation' claim" (Opp. 4 (citing Dkt. No. 17 at 3)). Because plaintiff has failed to demonstrate that the proposed amended complaint corrects deficiencies identified in the prior order, amendment would be futile. As such, plaintiff's motion for leave to amend is **DENIED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: January 29, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE