UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PRISCILLA R.,

    Plaintiff,

v.

MARTIN O'MALLEY, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,[1]

    Defendant.

No. C 23-03324 WHA

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

### INTRODUCTION

In this social security action, prior orders granted defendant's motion to dismiss, denied plaintiff's motion for leave to amend, and entered judgment (Dkt. Nos. 17, 22, 23). Plaintiff now moves for relief from the judgment under Rules 59(e) and 60. For the reasons stated herein, plaintiff's motion is **DENIED**.

### STATEMENT

Because the instant motion faults the district court for failing to consider the relevant facts, some factual background at the outset is warranted.

Plaintiff began receiving social security disability benefits in 1996 (First Amd. Compl. ¶ 10). In June 2021, the Social Security Administration sent her a notice letter informing her

---

[1] As defendant observes, Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and is substituted for Kilolo Kijakazi pursuant to Rule 25(d) (Opp. 1 n.1).

that it found her trial work period and extended period of eligibility had ended (First Amd. Compl. ¶ 13). According to plaintiff, she had worked as a school crossing guard and CVS drug store clerk for a time, and the agency's periodic review resulted in a cessation of her benefits (First Amd. Compl. ¶¶ 2, 13).

Pursuant to the relevant regulations, upon receipt of such a notice letter, if a benefits recipient requests reconsideration of a determination requiring that her benefits be suspended, reduced, or terminated within ten days, benefits payments continue until a reconsideration decision is made.[2] 20 C.F.R. §§ 416.1336(b), 416.1492. Benefits recipients may also request expedited reinstatement to resume benefits payments without reapplying if their work activity stops and they are unable to perform substantial gainful activity. *Id*. §§ 404.1592b–c. Here, plaintiff did not request reconsideration within ten days of receiving her notice letter, and there was a temporary cessation of her benefits starting in October 2021 (First Amd. Compl. ¶¶ 2, 13, 20). But plaintiff was medically evaluated for expedited reinstatement in February 2022 and approved in September 2022 (First Amd. Compl. ¶¶ 10, 17). Her benefits were reinstated at "approximately the beginning of 2023" (First Amd. Compl. ¶ 20).

In February and March 2023, plaintiff attended hearings before an administrative law judge over whether the agency had overpaid her in 2021 because she reached the substantial gainful activity level after her extended period of eligibility had ended (First Amd. Compl. ¶ 13). In May 2023, the ALJ held that plaintiff was overpaid $8,901.00 between January and September 2021 but waived recovery, having found that plaintiff was not at fault and that recovery would defeat the purpose of the Social Security Act. As such, the ALJ issued a "Fully Favorable" decision (ALJ Decision at 2, 7–9).[3]

---

[2] Meanwhile, if a benefits recipient fails to request reconsideration within the ten-day period but requests it within sixty days, benefits payments can continue until a reconsideration decision is made upon a showing of good cause. 20 C.F.R. § 416.1336(b).

[3] "[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superseded by statute on other grounds)). This order considers the ALJ decision referenced in plaintiff's first amended complaint and attached as an exhibit to defendant's motion to dismiss (Dkt. No. 8-2; *see* Dkt. No. 8-1, Voegele Decl. ¶ 4).

United States District Court
Northern District of California

1    Plaintiff, however, alleges that this decision was not actually "Fully Favorable" because
2    it did not address reinstatement (First Amd. Compl. ¶ 6). Note the ALJ did not review the
3    issue because "there [was] no initial or reconsideration determination on the issue" (ALJ
4    Decision at 5–6). Despite alleged attempts to appeal the May 2023 decision to the Appeals
5    Council (First Amd. Compl. ¶ 6), plaintiff's appeal was not requested until October 2023 and
6    remains pending (*see* Dkt. No. 17 at 1–2). Plaintiff filed this suit seeking review of the May
7    2023 decision in July 2023, alleging various injuries related to her reinstatement.

In November 2023, an order granted defendant's motion to dismiss (Dkt. No. 17). Specifically, it dismissed the action under Rule 12(b)(1) for failure to exhaust because there was no final decision of the Commissioner of Social Security subject to review under 42 U.S. Code Section 405(g), the subsection under which plaintiff's claims were raised. As for plaintiff's assertion that her claims should proceed independent of her request for judicial review under Section 405(g), the order held that dismissal under Rule 12(b)(1) would still be warranted because plaintiff characterized those claims as part of her request for judicial review and, even if asserted separately, they would not survive dismissal under Rule 12(b)(6). But the order allowed plaintiff to seek leave to amend by motion to plead those claims separately from a request for judicial review with additional facts to cure identified defects.

Last month, another order denied plaintiff's motion for leave to amend (Dkt. No. 22). Specifically, it observed that the motion essentially rehashed the prior dismissal for failure to exhaust without focusing on the claims for which the prior order invited amendment. Plaintiff's proposed second amended complaint did not incorporate any new facts to cure defects flagged in the prior order and defendant's opposition, merely striking text from the operative first amended complaint. Judgment in favor of defendant and against plaintiff was entered accordingly (Dkt. No. 23).

Three days later, plaintiff moved for relief from the judgment under Rules 59(e) and 60 (Dkt. No. 24). The motion was focused on her claim under Section 504 of the Rehabilitation Act. Plaintiff observed that the order denying leave to amend stated "[p]laintiff added no facts from which the Court could infer that 'she was denied a benefit of a Social Security

3

1    Administration program solely by reason of her disability' to cure her Rehabilitation Act
2    claim" but argues that "[t]here is an abundance of facts reiterated here that are in the
3    pleadings" (Br. 1 (quoting Dkt. No. 21 [*sic*])). This order follows full briefing and finds
4    plaintiff's motion suitable for disposition on the papers under Civil Local Rule 7-1(b). The
5    hearing is hereby **VACATED**.

### ANALYSIS

Rule 59(e) governs motions to alter or amend the judgment, which "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis and citation omitted). Rule 60(a) provides for correction of clerical mistakes, as opposed to the substantive mistakes that can be corrected pursuant to Rule 59(e). *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987). Rule 60(b) allows for relief from a judgment for six reasons, including "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief." *Kemp v. United States*, 596 U.S. 528, 533 (2022).

In any event, the thrust of plaintiff's instant motion is that the district court committed "legal error" (Br. 7). Defendant counters that plaintiff has not established any error, whether substantive or clerical, and her disagreement with the outcome does not justify relitigating the issues (Opp. 4). Although this order agrees with defendant, for completeness of the record, it will briefly respond to plaintiff's arguments with respect to the Rehabilitation Act claim.

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, *be denied the benefits of*, or *be subjected to discrimination* under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . ." 29 U.S.C. § 794(a) (emphasis added). Plaintiff's first amended complaint was difficult to parse, but after three rounds of motion practice, the district court now understands it to include Section 504 allegations based on both (1) being denied benefits and (2) being subjected to discrimination. This order will therefore take them up in turn.

United States District Court
Northern District of California

To state a Section 504 claim based on a denial of benefits, a plaintiff must allege facts showing that (1) she is an individual with a disability, (2) she is otherwise qualified to receive the benefits, (3) she was denied the benefits of the program or activity solely by reason of her disability, and (4) the program or activity receives federal financial assistance or is conducted by any executive agency. *Ibid.*; *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff argues that her Section 504 claim should proceed because "SSA knew or should have known that she could not respond to the 10-day 'due process notice'" (Br. 5–6). The logic seems to be that (1) plaintiff did not respond to the notice within ten days because of her disability, (2) defendant knew of plaintiff's disability based upon her application for disability benefits that resulted in disability benefits starting in 1996, and (3) in not responding to the notice within ten days, plaintiff was therefore (briefly) denied the benefits of the social security disability insurance program solely by reason of her disability. Even assuming that plaintiff did not respond to the notice within ten days because of her disability, however, the facts alleged do not support the inference that she was denied the benefits of the program solely by reason of that disability.

As plaintiff herself acknowledges, her disability, schizophrenia, "can recur" (Br. 6). That plaintiff was unable to work on account of schizophrenia previously does not necessarily mean she would be unable to work on account of schizophrenia in the future. Indeed, in carrying out periodic review, the agency found that plaintiff had worked and reached a substantial gainful activity level after her extended period of eligibility. To say that it was solely by reason of her disability that she was denied disability benefits calls for a strained reading of what happened here. According to plaintiff, "given her functional limitations the SSA should never have engaged Plaintiff in a cessation of benefits review" (First Amd. Compl. ¶ 18). But that is opinion, not legal argument.

Meanwhile, plaintiff also alleges that she "has been a victim of discrimination; based solely upon a disability, schizophrenia," in violation of Section 504 (First Amd. Compl. ¶ 5). "A disability discrimination claim may be based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" *Payan v. Los*

5

*Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 738 (9th Cir. 2021) (citations omitted).  As defendant noted in the motion to dismiss, plaintiff's first amended complaint "references 'reasonable accommodations,' suggesting she alleges a failure to make a reasonable accommodation" (Dkt. No. 8 at 10).  But defendant overstated matters when averring that plaintiff "does not allege what reasonable accommodation she required" (*id*. at 11).  Even so, what is alleged is insufficient to state a claim.

Plaintiff's first amended complaint refers to "Reasonable Accommodations (RA) under Sec. 504 which were requested by plaintiff," with attached exhibits in support (First Amd. Compl. ¶ 6 (citing Exhs. 1A, 1B, 1C)).  Exhibit 1A, a Program Discrimination Complaint Form filed with the agency and dated February 5, 2023, shows that in response to the question "What remedy or accommodation are you seeking because of the discrimination you allege?" plaintiff's counsel answered on behalf of plaintiff:  "The same accommodations received in case *Doe v. Astrue*, 2009 U.S.Dist.  LEXIS72819 CANO (2009)" (Dkt. No. 6-1 at 3).

Perhaps finding, like the district court, that entering this into LexisNexis (or Westlaw, for that matter) turned up nothing, the agency sent plaintiff a reply directly asking what accommodations plaintiff needs (*ibid*.; First Amd. Compl. ¶ 6).  Plaintiff's counsel responded in a letter dated April 13, 2023, attached to the first amended complaint as Exhibit 1B:  "As the legal representative for [plaintiff], I am requesting the same accommodations for [plaintiff] as in *Davis and Doe v. Astrue* because Mr. Davis, had, at all relevant times, the same disability as [plaintiff]; *i.e.*, Schizophrenia" (Dkt. No. 6-2 at 1).  Again, plaintiff's counsel did not include any way for the agency to figure out what those accommodations were, nor did he include such information in a subsequent letter dated June 28, 2023, and attached to the first amended complaint as Exhibit 1C (Dkt. No. 6-3).  Even assuming that what was apparently a reasonable accommodation for plaintiffs Davis and Doe would be a reasonable accommodation for this plaintiff when this is an individualized inquiry, *see Payan*, 11 F.4th at 738, it would be unfair to say that the agency *failed* to provide a reasonable accommodation under such circumstances.

What's more, in the letter dated April 13, 2023, plaintiff's counsel elaborated:  "You are asking what accommodations [plaintiff] needs.  She is requesting meaningful access to Social

1    Security CDRs based on a work review or medical review, or any other issues that may arise
2    while she is a social security beneficiary" (Dkt. No. 6-2 at 1).  But this is hardly a "reasonable
3    accommodation" because benefits recipients do not have "access to Social Security CDRs" to
4    begin with.  A CDR, or Continuing Disability Review, is a periodic review carried out by the
5    agency to determine if a benefits recipient continues to have a disabling condition.  As
6    explained on the Social Security Administration website, "[t]he law requires us to perform a
7    medical CDR at least once every three years, however, if you have a medical condition that is
8    not expected to improve, we will still review your case, once every five to seven years," and
9    "reach out to you to obtain updated information about your condition."[4]

10   Plaintiff's reply includes the case number for *Davis*, so the district court was able to
11   glean that plaintiff likely seeks a reasonable accommodation of support from personnel at an
12   agency field office in handling requests for updated information during future CDRs (Reply
13   Br. 5 (citing *Davis v. Astrue*, No. C 06-06108 EMC (N.D. Cal.) (Dkt. No. 364)).  If that is the
14   case, plaintiff can expressly request this of the agency.  If the agency then refuses to
15   accommodate, plaintiff may be able to allege facts sufficient to pursue a reasonable
16   accommodation claim under Section 504 of the Rehabilitation Act.  But as it stands, the facts
17   alleged are inadequate.

18   In closing, plaintiff laments that "she must wait for the [Appeals Council] which could
19   take to sometime in 2025 to pursue her Sec. 504 accommodations claim, meaning that the
20   order and judgment is without prejudice to the [Appeals Council] finishing its review and
21   decision and refiling this case rather than allowing the Sec. 504-part continuing in abeyance,"
22   and that "[i]n this eventuality memories become stale which can in and of itself constitute a
23   due process violation" (Br. 7–8).  To begin, there is nothing that this district court can do to
24   speed up a pending administrative appeal, especially one that was just filed in October 2023,
25   seemingly due to counsel's own inadvertence (*see* Dkt. No. 17 at 1–2).  And, the district court

---

[4] Social Security Administration, "Continuing Disability Reviews" (last accessed Feb. 21, 2024), https://perma.cc/Z57B-VXE5.  *See* Fed. R. Evid. 201; *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information on a government website).

7

cannot hold an action in abeyance when it does not have subject matter jurisdiction to hear the action at all, as explained previously. (And, for what it is worth, there are no cases in which "stale memories" have served as the basis for a meritorious due process claim.)

More to the immediate point, however, no order in this action has held or even intimated that a claim under Section 504 of the Rehabilitation Act could only be taken up in the pending administrative appeal. In fact, the judge suspects that claim *will not* be taken up in the pending administrative appeal given the posture as it has been explained here. This order reiterates that, if sufficiently alleged, such a claim could proceed independently. Not so here.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for relief from the judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 27, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE